David E. Flynn vs. Louis W. Cappelli, Secretary of State.

NOVEMBER 23, 1934.

Present: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

Hahn, J. This is a petition for a writ of mandamus commanding the respondent to place the name of the petitioner upon the official ballots to be used in the election to be held in November, 1934, as a candidate for the office of senator in the Congress of the United States.

The petitioner avers in substance that he has been placed in nomination for said office upon nomination-papers bearing the signatures and addresses of more than five hundred duly qualified voters of the State, as required by Section 8, Chapter 11, G. L. 1923.

The respondent bases his refusal to place the name of the petitioner upon said ballots on two grounds (1) that, although the nomination-papers filed contained the names and addresses of 515 duly qualified voters of the State, one of said papers which contains nineteen names does not include the name of the party or political principle which the candidate represented, as required by Section 15 of Chapter 11, G. L. 1923, and (2) that the nomination-papers were

not, at least two days before the last day for filing same, submitted to the board of canvassers in said city of Newport for inspection, as required by Section 14, Chapter 11, G. L. 1923.

In considering the first question raised by respondent, it appears that this nomination-paper, as well as all others, had a heading which is a printed form with blank spaces for the name, address and political principle represented by the candidate, and on the paper in question is written the name and address of the candidate, but in the blank space intended for the statement of the political principle appears the address of the candidate and nothing else. The paper does not, in any manner, indicate that it is a part of any other paper. The evidence further shows that it was taken out for signatures after some of the other nomination-papers had been submitted to the board of canvassers for inspection under the provisions of Section 14, Chapter 11, G. L. 1923.

The petitioner testified that this particular nomination-paper was attached or affixed to another nomination-paper which contained the names of the party or political principle of the petitioner. At the top of this paper, the printed form above referred to appears, partially filled in with the name and address of the candidate, indicating that it is not part of any other paper and, as the evidence shows that it was taken out for signature after some of the other nomination-papers had been submitted to the board of canvassers for inspection under the provisions of Section 14, Chapter 11, G. L. 1923, there is much doubt as to its being attached to any other paper, especially in view of the fact that respondent testified positively that it was filed in his office in a roll including all of petitioner's nomination-papers and that it was attached to none. The weight of the evidence indicates that the omission of the political principle of the candidate resulted from haste and carelessness in filling in the blanks. It is quite clear that the partial filling of these blanks was entirely unnecessary, if it was a portion of another paper.

The respondent, as the second ground for his refusal to place petitioner's name upon the ballots, contends that the nomination-papers of the petitioner were not submitted to the board of canvassers and registration of the city of Newport at least two days before the last day for the filing of the same as required by Section 14, Chapter 11, G. L. 1923, wherein it is provided that: "Each nomination-paper required by law to be filed with the secretary of state shall, before being filed, be submitted to the board of canvassers and registration in cities in which such board is or shall be established, at least two days before the last day for filing the same . . ." The last day for filing the nomination-papers for the November election of 1934 was the 15th day of October. (P. L. 1930, C. 1515, s. 18.)

It was admitted that some of the signatures upon the nomination-paper above referred to had not been obtained within two days previous to October 15, 1934, but, in fact, some of the signatures upon said paper were, according to the evidence, obtained on October 15, 1934. It was argued in behalf of the petitioner that provision for submitting nomination-papers to the board of canvassers or other officials for inspection (G. L. 1923, C. 11, s. 14) is not a mandatory provision and, if the board of canvassers or other officials see fit to waive strict conformity with the requirements of the statute and allow such papers to be submitted later than two days before the date upon which they are required to be filed with the secretary of state, such waiver would entitle the candidate to have his name upon the ballots notwithstanding a departure from the definite requirement of the statute. If this rule were to prevail, it would give to the board of canvassers or other officials authorized by statute to receive such papers, the right to determine whether or not they would receive the same if submitted later than the time provided by statute. If the statute were to be considered as not mandatory, such board would be in a position to favor one candidate over another by accepting papers of the one, offered after the time

limited by the statute, and refusing to accept the papers of the other. To eliminate this strong ground of objection, the legislature undoubtedly used the word "shall" in the statute intending it to be mandatory in order to prevent bias or favoritism. It is stated in 20 C. J. at page 130 that "as a rule statutory provisions in regard to the time of filing a certificate are regarded as mandatory."

The petitioner has not shown by satisfactory evidence that he filed nomination-papers so executed as to entitle him to have his name upon the official ballots and further has failed to show that he submitted his nomination-papers to the board of canvassers within the time limited by law.

The prayer for a writ of mandamus has already been denied by a rescript heretofore filed.

*Daniel A. Colton, John J. Sullivan,* for petitioner.
*William W. Moss, Assistant Atty. General,* for respondent.